# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-295V
Filed: December 3, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ANN WYBORSKI, | |
| Petitioner, | Damages Decision Based on Proffer; Influenza ("flu") vaccine; Shoulder Injury; Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Renee J. Gentry*, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
*Lisa A. Watts*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 23, 2015, Ann Wyborski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an Influenza ("flu") vaccination on September 13, 2013, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 4, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On December 3, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $236,492.00. Proffer at 2. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $236,492.00, representing the discounted present value of petitioner's projected vaccine-related injury expenses ($2,217.48), past lost earnings ($63,642.75), pain and suffering ($150,000.00), and past un-reimbursable expenses ($20,631.77) in the form of a check payable to petitioner, Ann Wyborski.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANN WYBORSKI, | ) |
| | ) **ECF** |
| Petitioner, | ) |
| | ) |
| v. | ) No. 15-295V |
| | ) Chief Special Master |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) Nora Beth Dorsey |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Items of Compensation**

    A.    Life Care Items

Respondent proffers that, based on the evidence of record, petitioner should be awarded $2,217.48 for projected unreimbursable medical expenses.  This amount reflects that the award for projected unreimbursable expenses has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(1), (f)(4)(A).  Petitioner agrees.

    B.    Lost Earnings

The parties agree that based upon the evidence of record, it is unlikely that petitioner's vaccine-related injury will impact her future employment.  Thus, future lost earnings under 42 U.S.C. § 300aa-15(a)(3)(A) are not appropriate in this case.  However, petitioner did experience a total past loss of earnings in the amount of $63,642.75, and respondent proffers that amount be awarded to her.  Petitioner agrees.

1

     C.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $150,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4), (f)(4)(A). Petitioner agrees.

     D.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $20,631.77. Petitioner agrees.

     E.     <u>Medicaid Lien</u>

Petitioner represents that there are no Medicaid liens outstanding against her.

## II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

     A.     A lump sum payment of $236,492.00, representing the discounted present value of petitioner's projected vaccine-related injury expenses ($2,217.48), past lost earnings ($63,642.75), pain and suffering ($150,000.00), and past un-reimbursable expenses ($20,631.77) in the form of a check payable to petitioner.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

1.  <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.  Summary of Recommended Payments Following Judgment**

A.  Lump sum paid to petitioner for future vaccine-related expenses, past unreimbursable expenses, past lost earnings, and pain and suffering: **$236,492.00**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4099

Dated: December 3, 2015.